

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable John L. Green, Director
Certificate of Title Division
Texas Highway Department
Austin 26, Texas

Dear Sir:

Opinion No. O-6813

Re: Issuance of certificate of
title on car presumed to be
stolen now in storage and on
motorcycle found by the side
of highway.

We are in receipt of your letter of September 11, 1945, which reads as follows:

"We are attaching two letters received by this Department with reference to obtaining Texas certificates of title under the circumstances outlined in these letters.

"One letter is from H. S. Godsey, Constable of Naples, Texas, who desires to obtain title on a 1935 Ford Coupe which he presumes was a stolen automobile and which was recovered by him about a year ago. Mr. Godsey is desirous of disposing of this motor vehicle for storage and obtaining title in his name.

"The other letter is from Roger Thurmond, District Attorney, Sixty-Third Judicial District of Texas, Del Rio, with reference to obtaining title for J. S. Nance, Sheriff of Terrell County.

"We are unable to find any provision in the Texas Title Law (P.C. Art. 1436-1) which would enable this Department to issue titles under the facts set forth by Mr. Godsey and Mr. Thurmond. We respectfully request that you advise this Department what evidence should be presented in each case that would authorize this Department to issue the titles in question. An early response will be appreciated and we request that you return the attachments with your opinion."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. John L. Green,   page 2

The constable's letter, referred to in your letter, reads as follows:

"I recovered what I presumed was a stolen automobile, about one year ago, that had been abandoned on the highway East of Naples. It is a 1935 Model Ford Coupe. I have kept the car in storage since I recovered it and have used every effort that I know of to ascertain the owner of the car, but no one has claimed it. There are no motor numbers anywhere on the car but have been burned off. The State Highway Patrol and the F. B. I. have checked on the case and have been unable to find the owner. The F. B. I. advised me that it had closed its case on the matter, and for me to do anything I wanted to with the car.

"I am desirous of registering the car in order that I may dispose of it and get my pay for storage and taking care of the car since I have had it.

"Please advise me what steps to take in this matter."

The letter from Mr. Roger Thurmond, District Attorney, referred to in your letter, reads in part as follows:

"Several months ago J. S. Nance, Sheriff of Terrell County, Texas, found a Harley Davidson motorcycle bearing no license plates by the side of the highway in Terrell County. Mr. Nance reported the matter to Highway Patrolman Townsend, who is stationed at Alpine, and Townsend later advised him that he had reported same to your Department and you were unable to give any information as to the ownership of the machine.

"The matter was also reported by Mr. Nance to the Automobile Theft Bureau and to the Federal Bureau of Investigation, and both of those agencies were unable to give any information in reference to the ownership.

"Inasmuch as this machine has now gone unclaimed for several months and there is very little probability that any bona fide claimant will show up, the Sheriff desires to sell same at public auction and pay over the proceeds to Terrell County, Texas. . . .

Hon. John L. Green,  page 3

"If a sale of this property is made and the
Sheriff executes an affidavit setting out the facts
of the abandonment and the finding of same by him
and sale at public auction with the proceeds go-
ing into the treasury of Terrell County, Texas,
please advise me whether on the basis of such
affidavit you would be willing to issue a
certificate of title to the purchaser."

Article 1436-1 of Vernon's Annotated Civil Statutes
provides as follows:

"Sec. 35.  Whenever the ownership of a motor
vehicle registered or licensed within this State
is transferred by operation of law, as upon
inheritance, devise or bequest, bankruptcy, re-
ceivership, judicial sale, or any other involuntary
divesture of ownership, the Department shall issue
a new certificate of title upon being provided with
certified copy of the probate proceedings, if any
(if no administration is necessary, then upon
affidavit showing such fact and all of the heirs
at law and specification by the heirs as to in
whose name the certificate shall issue), or order,
or bill of sale from the officer making the judicial
sale, except however, that where foreclosure is had
under the terms of a lien, the affidavit of the
person, firm,  association, or corporation or
authorized agent, of the fact of repossession and
divestiture of title in accordance with the terms
of the lien, shall be sufficient to authorize the
issuance of a new certificate of title in the name
of the purchaser at such sale, and except further
that in the case of the foreclosure of any Con-
stitutional or Statutory lien, the affidavit of the
holder of such lien, or if a corporation, its agent,
of the fact of the creation of such lien and the
divestiture of title by reason thereof in accordance
with law, shall be sufficient to authorize the issu-
ance of a new certificate of title in the name of
the purchaser."   (underscoring ours)

Hon. John L. Green,   page 4

Articles 5502, 5504, and 5505 of Vernon's Annotated Civil Statutes provide as follows:

"Art. 5502. Proprietors of livery or public stables shall have a special lien on all animals placed with them for feed, care and attention, as also upon such carriages, buggies or other vehicles as may have been placed in their care, for the amount of the charges against the same; and this article shall apply to and include owners or lessees of pastures, who shall have a similar lien on all animals placed with them for pasturage."

"Art. 5504. When possession of any of the property embraced in the preceding article has continued for sixty days after the charges accrue, and the charges so due have not been paid, it shall be the duty of the persons so holding said property to notify the owner, if in the State and his residence be known, to come forward and pay the charges due, and on his failure within ten days after such notice has been given him to pay said charges, the persons so holding said property, after twenty days notice, are authorized to sell said property at public sale and apply the proceeds to the payment of said charges, and shall pay over the balance to the person entitled to the same. If the owner's residence is beyond the State or is unknown, the person holding said property shall not be required to give such notice before proceeding to sell."

"Art. 5505. If the person who is legally entitled to receive the balance mentioned in this chapter is not known, or has removed from the State or from the county in which such repairing was done, or such property was so held, the person so holding said property shall pay the balance to the county treasurer of the county in which said property is held and take his receipt therefor. Whenever such balance shall remain in the possession of the county treasurer for the period of two years unclaimed by the party legally entitled to the same, such balance shall become a part of the county fund of the county in which the property was sold, and shall be applied as any other county fund or money of such county is applied or used."

Hon. John L. Green,   page 5

In answering your question, it must first be determined that legal title to the property in question has been divested by operation of law or otherwise before certificate of title thereto can be issued.

The facts stated do not authorize disposition of the property as stolen property as provided for in Articles 933-34 and 938 of our Code of Criminal Procedure.  In the absence of the owner of said property and where the name or description of the thief is unknown, a complaint alleging theft cannot stand.

The property described in your communication, under the facts stated therein, could not be considered abandoned property, and, therefore, the finder of same acquired no title to said property.  In the case of Sikes v. State, 28 S. W. 688, Justice Hurt of the Court of Criminal Appeals said:

> "The word 'abandon' means a giving up; a
> total desertion; an absolute relinquishment.
> Abandonment includes both the intention to for-
> sake or abandon and the act by which such in-
> tention is carried into effect.  Property may
> be said to be abandoned when the owner 'throws
> it away,' or when it is voluntarily left or lost,
> without any intent or expectation to regain it."

Title to the property involved in your communication could be divested by the foreclosure of an asserted common-law lien, or a statutory lien, thereon for the amount of storage due.  To deter-mine this, we must consider the following principles of law:

(a)  "A garage-keeper or other person in whose possession a vehicle has been placed for storage is entitled to assert a common-law lien thereon for the amount due him and, acting pur-suant to the statute, may sell the car and apply the proceeds to the payment of his charges."  (5 Tex. Jur., Sec. 62, pps.643-44)

(b)  "A garage-keeper is, with respect to vehicles which have been placed in his possession for storage or repair, a bailee."  (5 Tex. Jur., Sec. 48, p. 630)

(c)  "A 'garage', which is the modern substitute for the livery stable, is defined as a place for the care and storage of motor vehicles. . ."  (Grimes v. State, 200 S. W. 378)

Hon. John L. Green,   page 6

The facts show that the officers have been very diligent in their efforts to locate the owner of the property and are therefore justified to place the same in storage.  In view of the authorities, above, it is the opinion of this department that if the officers place the property with a garage-keeper or some other person for care and storage, that such garage-keeper or person will have a lien thereon for his storage charges.  When the charges for storage accrue and are unpaid the lienholder can file suit in a court of competent jurisdiction to foreclose the same.  If there is a balance of proceeds from the foreclosure sale, after the lien and court costs are paid, and the owner fails to claim same, it shall be paid to the county treasurer of the county in which said property is held.

If the automobile and motorcycle in question are sold at foreclosure sales under the proceedings outlined in the above paragraph, such sales would be judicial sales and your department would be authorized to issue certificates of title thereto upon evidence of the sales.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

Jesse Owens
Assistant

JO:LJ

APPROVED 4, 1945